IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/05/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

OUMAR NDIAYE,

Petitioner,

v.

TODD BLANCHE, Attorney General;
Secretary, DHS;
DAVID VENTURELLA, Acting Director, ICE; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3300-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner alleges that he entered the United States in 2023 and was then released on his recognizance; that his removal was ordered on April 14, 2025; that he appealed that order to the Board of Immigration Appeals (BIA), which appeal remains pending; and that he was detained by immigration officials on June 10, 2025. Petitioner is presently confined within this judicial district. On August 14, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his detention has become indefinite and that his removal in the near future is not likely, and he asserts a claim for release under the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Because petitioner's appeal remains pending, however, his removal order is not yet administratively final, and therefore the statutory removal period has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, petitioner is not presently being detained under Section 1231, and the *Zadvydas* framework thus does not apply here. Accordingly, the Court denies this claim.

Petitioner also claims that, based on a prior arrest, he is presently being detained under 8 U.S.C. § 1226(c), which provides for mandatory detention for certain criminal aliens; and he argues that his prolonged detention without a bond hearing violates due process. The Government has provided evidence, however, that immigration officials gave notice to him of a recent custody determination pursuant to Section 1226(a) (which statute allows for discretionary release on bond), and that petitioner checked a box on the notice indicating that he requested a bond hearing; that a bond hearing was set for September 17, 2026; and that the hearing was continued until October 14, 2026, upon request of

petitioner's counsel. Thus, the Government has confirmed that petitioner is now being detained under Section 1226(a) and is therefore entitled to a bond hearing.[1] Accordingly, because petitioner is not presently being detained without the opportunity for a bond hearing, the Court denies this claim as well.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] The Government states in its response that "DHS indicates that the detention authority for the Petitioner [Section 1226(a)] has never changed," but that statement is not supported by evidence. Indeed, a declaration submitted by the Government notes it now considers certain aliens to be detained under Section 1226 in response to the Tenth Circuit's *Santillan Quiroz* decision, and the inclusion of that statement in the declaration suggests that petitioner may have originally been considered subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

[2] Moreover, even if the Court applied the multi-factor test that it has used to evaluate prolonged-detention due process claims by aliens detained under Section 1226(c), as urged by petitioner, it would grant at most a bond hearing, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); and petitioner already has that remedy available to him.